**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4007**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JEFFREY GRANT PRYSOCK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:11-cr-00171-HMH-1)

Submitted: June 14, 2012                    Decided:  June 21, 2012

Before WILKINSON, NIEMEYER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Grant Prysock appeals from his convictions and 110-month sentence imposed pursuant to his guilty plea to possession of marijuana with intent to distribute and possession of a firearm and ammunition by a convicted felon. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions whether the district court erred by applying a four-level enhancement for possessing a firearm in connection with another felony offense pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2010). Neither Prysock nor the Government has filed a brief. We affirm.

Section 2K2.1(b)(6)(B) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." We review the application of this enhancement under the clearly erroneous standard of review. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." Id. at 164 (internal quotation marks omitted).

2

A firearm is used or possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense. USSG § 2K2.1 cmt. n.14(A); see Jenkins, 566 F.3d at 162-63. "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense. . . ." USSG § 2K2.1 cmt. n.14(B); see Jenkins, 566 F.3d at 163.

Here, a firearm was found on the same sofa as the marijuana. In addition, ammunition for two different types of firearms was also found in the apartment. Prysock admitted to possession of the firearm and ammunition and possession with intent to distribute the marijuana. In addition, the record supported the conclusion that guns had been recently discharged into Prysock's apartment in an apparent robbery attempt. In light of the physical proximity between the firearm and the drugs and the recent violence at the apartment, the district court did not clearly err in applying the four-level enhancement under USSG § 2K2.1(b)(6).[*] See Jenkins, 566 F.3d at 163 (noting

---

[*] We also note that Prysock did not dispute the relationship between the ammunition and the drugs or provide any explanation as to the ammunition.

that a firearm can dangerously embolden the actor to possess drugs or provide protection for the drugs).

In accordance with <u>Anders</u>, we have thoroughly reviewed the record and find no meritorious issues for appeal. Accordingly, we affirm Prysock's convictions and sentence. This court requires that counsel inform Prysock in writing of his right to petition the Supreme Court of the United States for further review. If Prysock requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Prysock. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>